10-1371-cv
*VanBrocklen v. United States*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of January, two thousand eleven.

PRESENT:
> PIERRE N. LEVAL,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges,*
> RICHARD M. BERMAN,[*]
> > *District Judge.*

---

RUSSELL VANBROCKLEN
> *Plaintiff-Appellant,*

-v.-                                                                    10-1371-cv

UNITED STATES OF AMERICA, TRANSPORTATION SECURITY ADMINISTRATION,
> *Defendants-Appellees.*[**]

---

FOR APPELLANT:          Russell VanBrocklen, *pro se*, West Sand Lake, New York.

FOR APPELLEES:          Daniel J. Lenerz, United States Department of Justice,

---

[*]Judge Richard M. Berman, of the United States District Court for the Southern District of New York, sitting by designation.

[**]The Clerk of the Court is directed to amend the official caption to conform with the caption above.

Washington, D.C. (Tony West, Assistant Attorney General, Richard S. Hartunian, United States Attorney for the Northern District of New York, Douglas N. Letter, *on the brief*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the district court judgment is **AFFIRMED**.

Plaintiff-Appellant Russell VanBrocklen, *pro se*, appeals from the April 7, 2010 judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*) dismissing his complaint alleging violation of his rights under the Fourth Amendment for failure to state a claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews the dismissal of a complaint pursuant to Rule 12(b)(6) *de novo*, construing the complaint liberally and accepting all factual allegations in the complaint as true. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). On appeal, VanBrocklen challenges only the dismissal of his Fourth Amendment claim, and he has therefore abandoned any argument that the district court erred by dismissing his other claims. As he stated at oral argument, "I want the Fourth Amendment thing reversed for the reasons I've stated, and that's it." *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995).

Defendants argue for the first time on appeal that VanBrocklen's Fourth Amendment claim should have been dismissed due to lack of subject matter jurisdiction. They are correct that

2

VanBrocklen may not raise his claim for monetary damages against any of the named defendants.[1] *See Chen v. United States*, 854 F.2d 622, 626 (2d Cir. 1988). However, VanBrocklen could, under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), assert a Fourth Amendment claim directly against the individual federal agents involved in the contested search. Because this issue was not raised in the district court, VanBrocklen did not have an opportunity to amend his complaint to name an individual defendant. *See Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991) ("[T]he court should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated").

While VanBrocklen has indicated in his briefing to this Court that he does not wish to seek monetary damages from the individual agents involved in his search, remand is not necessary in any case because the district court correctly concluded that VanBrocklen failed to state a Fourth Amendment claim. After having reviewed VanBrocklen's contentions on appeal and the record of proceedings below, we affirm for substantially the same reasons stated by the district court in its thorough and well reasoned opinion. We credit VanBrocklen's assertion that the search conducted in this case resulted in severe pain for him. However, despite VanBrocklen's assertions that the TSA agents should have sought help from a police officer in dealing with his medical condition or should have simply stopped the search and indicated to him that he would not be able to fly, none of his

---

[1] We note that for the first time in his reply brief, VanBrocklen appears to assert an interest in injunctive or declaratory relief with regard to his Fourth Amendment claim. This relief was not pursued before the district court or even before this Court prior to the filing of an untimely reply brief. We find, nevertheless, for the reasons stated below, that VanBrocklen has failed to state a claim for such relief, as his complaint does not set forth facts plausibly alleging a Fourth Amendment violation.

3

suggested alternative courses of action alter the conclusion that his pleadings do not set forth a claim that the search here represented an unreasonable intrusion on his Fourth Amendment privacy interests. *See Bd. of Educ. v. Earls*, 536 U.S. 822, 837 (2002) ("[R]easonableness under the Fourth Amendment does not require employing the least intrusive means . . . ."). As a result, even were VanBrocklen permitted to amend his complaint to assert a Fourth Amendment *Bivens* claim directly against the TSA agents in their individual capacities, the district court correctly concluded that the factual allegations contained in VanBrocklen's complaint failed to set forth a plausible Fourth Amendment claim.

We have considered all of VanBrocklen's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk